CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
JAN 21 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM JAMES GOODMAN III, | |
| Plaintiff, | Case No. 7:11CV00014 |
| v. | MEMORANDUM OPINION |
| NORTH WESTERN REGIONAL JAIL, | By: Glen E. Conrad |
| Defendants. | Chief United States District Judge |

Plaintiff William James Goodman III, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Goodman alleges that an officer at the Northwestern Regional Jail "insaulted [sic]" him and caused him to be placed in segregated confinement, in violation of his constitutional rights. He sues the jail, seeking unspecified relief. Upon review of the record, the court finds that the complaint must be dismissed.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy

was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981).

The only defendant that plaintiff has named in this case is the jail. His complaint does not offer any indication, however, that the alleged violations committed against him by jail employees were in furtherance of jail policy. Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the court will dismiss the complaint without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of January, 2011.

_____
Chief United States District Judge